lrPER CURIAM.
The defendant, Theresa Ann Allen, appeals as excessive her sentence to five years at hard labor for the offense of attempted possession of marijuana with intent to distribute. For the following reasons, we affirm the defendant’s conviction and sentence.
FACTS
On April 27, 1995 a confidential informant notified the police in Springhill, Louisiana that the defendant was selling marijuana from her residence. The police executed a search warrant and found the defendant to be in possession of 46 packages of marijuana, a set of scales and a large quantity of cash. The defendant stated that she had the marijuana because she was trying to “start over” after losing her house and all her possessions in a fire. On June 12, 1995, the prosecution charged the defendant by bill of information with possession of marijuana with intent to distribute. On November 3,1995, the defendant was allowed to plead guilty to the lesser charge of attempted possession of marijuana with intent to distribute.
*865 The defendant appeared for sentencing on March 11,1996 and was ordered to serve five years at hard labor. In pronouncing sentence, the court observed that the defendant was 27 years old and had a ninth grade education. She was divorced and had custody of her six-year-old child. The defendant was a first felony offender with no juvenile record. The court discussed the facts of the case, noting that the large amount of marijuana found at the defendant’s residence indicated that the defendant was involved in a “substantial drug distribution operation.” The court also noted that the defendant was eligible for a probated sentence, but chose to impose a sentence of incarceration in the lower range of the statutorily prescribed penalty. The court further recognized the benefit the defendant obtained from her plea bargain to a lesser charge. The court informed the |2defendant that the minimum penalty for attempted possession of marijuana with intent to distribute is two and one-half years at hard labor and the maximum penalty is fifteen years at hard labor and a fine of $25,000. The defendant was given credit for time served and was properly informed that she had three years from the date the conviction becomes final to apply for post conviction relief. A motion to reconsider the sentence was filed and was denied by the trial court on April 22, 1996. The defendant appealed her sentence, arguing that it is excessive.
DISCUSSION
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The defendant has not challenged this aspect of her sentencing.
After determining whether the provisions of La.C.Cr.P. 894.1 have been complied with, the reviewing court must then determine whether the sentence imposed is too severe, given the circumstances of the ease and the background of the defendant. A sentence is unconstitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
Because she is a first felony offender whose sentence could have been suspended, defendant argues her sentence is unconstitutionally excessive. A suspended sentence is not mandated simply because a defendant is a first felony offender. State v. Woodman, 28004 (La.App.2d Cir. 1/24/96), 666 So.2d 1255, writ denied 96-0489 (La.5/3/96), 672 So.2d 696; State v. Ferrell, 25851 (La.App.2d Cir. 3/20/94), 634 So.2d 977; State v. Tolliver, 621 So.2d 17 (La.App. 2d Cir.1993). The five-year sentence imposed is only one third of the maximum permissible by law and did not include a fine. The judge specifically noted that defendant was eligible for probation, but he chose not to exercise that option. The quantity of marijuana involved, the presence of the scales and the possession of a large sum of cash show that defendant was engaging in drug trafficking. Further the defendant admitted that she was attempting to profit from the drug operation and was a willing participant in drug trafficking. Further, the defendant obtained a substantial benefit from her plea bargain.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, 25,583 (La.App.2d Cir.1/19/94), 631 So.2d 555. In the present case, there is no showing of abuse of discretion. Under the totality of circumstances, the sentence imposed in this ease is tailored to the offender and the offense and does not shock our sense of justice. The sentence is not excessive.[1]
*866 CONCLUSION
For the reasons stated above, the conviction and sentence of the defendant, Theresa Ann Allen, are affirmed.
AFFIRMED.

. We have reviewed the record for error patent and noted none.