STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-373

STATE OF LOUISIANA

VERSUS

RICKY W. COLEMAN

**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 91917
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Jesse Phillip Terrell, Jr.
1150 Expressway Drive – Suite 101
Pineville, LA 71360
Telephone: (318) 561-4340
COUNSEL FOR:
    Defendant/Appellant - Ricky W. Coleman

J. Reed Walters
District Attorney – 28th Judicial District Court
Steven P. Kendrick
Assistant District Attorney – 28th Judicial District Court
P. O. Box 1940
Jena, LA 71342
Telephone: (318) 992-8282
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

**THIBODEAUX, Chief Judge.**

After pleading guilty to possession with intent to distribute marijuana, Defendant Ricky Coleman was sentenced to six years in prison. The trial court ordered the sentence to run consecutively to a five-year sentence Defendant received for pleading guilty to another drug-related charge. Defendant appeals and argues that the sentence is excessive and that the sentences should be concurrent, rather than consecutive. For the following reasons, we affirm.

I.

## ISSUES

We must decide whether:

(1) the trial court erred by imposing an excessive sentence on Defendant;

(2) the trial court erred by imposing consecutive sentences on Defendant.

II.

## FACTS AND PROCEDURAL HISTORY

Defendant Ricky Coleman sold both marijuana and hydrocodone to an undercover female police officer. The sales took place on two different occasions and at different locations. Defendant pleaded guilty to possession of marijuana with intent to distribute, a violation of La.R.S. 40:966(A). During that same court appearance, Defendant also pleaded guilty to distribution of hydrocodone. The two cases were not consolidated. The district court sentenced Defendant to six years at hard labor for the marijuana conviction and five years for the other conviction, distribution of hydrocodone, with the sentences to run consecutively. Defendant appeals both sentences under separate docket numbers. He argues that the six-year sentence is excessive and that the trial judge should have imposed concurrent, rather than consecutive, sentences.

III.

## LAW AND DISCUSSION

### Standard of Review

The trial court may impose, at its discretion, any appropriate sentence within the statutory guidelines. That sentence is subject to review, however, for violations of a defendant's constitutional right against excessive punishment. *State v. Sepulvado*, 367 So.2d 762 (La. 1/29/79). A sentence is excessive if "it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering." *State v. Bonanno*, 384 So.2d 355, 357 (La. 5/19/80). The pertinent standard is whether the trial court abused its broad discretionary powers, not whether a different sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043 (1996).[1]

### Discussion

*Excessive Sentence*

Defendant asserts that the sentence imposed by the trial court was excessive. We disagree. The sentencing range for a first conviction of possession of marijuana with intent to distribute is five to thirty years. La.R.S. 40:966(B)(3). In reviewing a judge's exercise of sentencing discretion, an appellate court should consider three factors: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. *State v. Guilbeau*, 11-07 (La.App. 3 Cir. 6/22/11), 71 So.3d 1010 (citing *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-0433 (La. 6/25/99), 745 So.2d 1183).

---

[1] Jurisprudence indicates that the same abuse of discretion standard applies to both an excessive sentence review and a review of consecutive sentences. *See State v. Patterson*, 11-892 (La.App. 3 Cir. 2/1/12), 83 So.3d 1209, *writ denied*, 12-526 (La. 6/1/12), 90 So.3d 435.

At the sentencing hearing, the trial court noted the reasons for its sentencing decision:

> "Mr. Coleman[,] [you] are a first time felony offender with very limited criminal record prior to the instant charges. Although I am informed that you have worked your whole life, no information was provided to me as giving your current employment or method of income. The record does indicate that . . . you can operate in the world without resorting to criminal activity. . . . [T]he charges you have admitted to are worthy of punishment and not just a slap on the wrist. . . . As a result of the nature of the crimes that you were involved in, I believe that there is an undue risk that you would commit another crime if I ordered you to serve a suspended or probated sentence. . . . You made the very telling statement to me, "The woman that caused you to do this". You're still not accepting responsibility. It's somebody else's fault. . . . The issue is that you admitted in your plea that you did the activity. You admitted that you sold drugs and that you had drugs with the intent to sell. . . . Somebody didn't make you do this. . . . I take [that] into account whenever I'm trying to craft a sentence because with that type of attitude it's very likely that, that the activity would re-occur and that causes me a problem. . . . Apparently, this isn't even a situation where treatment . . . can help you. There are no allegations of use or of addiction to legal substances. I'm not sure that treatment, testing, or rehabilitation by themselves would be an appropriate sentence in this matter. Thus, I believe, a lesser sentence than that which I impose today would deprecate the seriousness of the offence [sic] charged and your need of correctional treatment that would most effectively be provided by commitment to an institution. Another aggravating factor in this case is that the sale of drugs was accomplished while you were in possession of a firearm and in a public place. The combinations of drugs and weapons are deadly and the mere existence of the two, in this case, endanger the community as well as yourself and the undercover officer and the arresting officers. This factor certainly weighs in my deliberation[s] as to the sentence I will impose as well."

Thus, the court addressed the nature of the offense and the nature and background of the offender. Despite Defendant's lack of a criminal background, the crimes reveal his willingness to participate in the drug trade in LaSalle Parish, his inability to accept responsibility for his actions, and that treatment as an alternative to

incarceration would not be effective since Defendant does not appear to have a drug abuse problem.

As he did before the trial court, Defendant, a fifty year-old man, claims to have neck and back problems. In *State v. Langlinais*, 09-422 (La.App. 3 Cir. 12/16/09), 27 So.3d 1011, *writ denied*, 10-176 (La. 1/7/11), 52 So.3d 882, however, this court approved a five-year term and a ten-year term with five years suspended for a defendant with similar medical difficulties who was more than fifty years old. The defendant in that case pleaded no contest to charges of possession of the prescription drug Lortab and crack cocaine with intent to distribute. *Id.*

Regarding sentences imposed for similar crimes, the first circuit in *State v. Wilkinson*, 99-803 (La.App. 1 Cir. 2/18/00), 754 So.2d 301, *writ denied*, 00-2336 (La. 4/20/01), 790 So.2d 631, held that a seven-year sentence and $1,000 fine were not excessive for the offense of possession of marijuana with intent to distribute, despite the defendant's first-felony offender status.[2] In *State v. Gladney*, 29,791 (La.App. 2 Cir. 9/24/97), 700 So.2d 575, the second circuit held that a ten-year sentence for possession of marijuana with intent to distribute was not excessive, even though the defendant was a first felony offender. Similarly, in *State v. Allen*, 28,988 (La.App. 2 Cir. 10/30/96), 682 So.2d 864, the court approved a five-year sentence for attempted possession of marijuana with intent to distribute for a first felony offender, as there were indications the defendant was a willing participant in ongoing drug trafficking.

Although Defendant is a first felony offender, his sentence was very nearly the minimum, and his exposure was thirty years. Defendant's plea also

---

[2]Defendant cites extensively to *State v. Morris*, 10-1278 (La.App. 3 Cir. 5/4/11), 63 So.3d 389 as support for his excessive sentence claim. That case involved a fifty-year sentence for attempted murder, and the defendant had a history of violence. The court notes that *Morris* is so easily distinguishable as to be inapposite to Defendant's case.

4

included a reduction of one of the charges and the dismissal of another.[3] Further, the cases cited in the previous paragraph indicate the term he received falls within the norms of Louisiana jurisprudence.

A portion of Defendant's argument addresses the sentencing guidelines listed in La.Code Crim.P. art. 894.1. In seven of those factors, he implies he was lured to sell drugs by a female undercover agent. In one factor, he explicitly states he would have argued an entrapment defense if he had proceeded with a jury trial. Defendant chose not to go before a jury, however, and does not now challenge his plea. Further, the trial court noted that Defendant's assertion regarding the female undercover agent was a reason for the sentence imposed; specifically, the trial court found it significant that Defendant refused to accept responsibility for his actions.

For the reasons discussed, Defendant's argument that his sentence is excessive lacks merit.

*Consecutive Sentences*

Defendant asserts that the trial judge erred in ordering that his sentences be served consecutively rather than concurrently. We disagree. Louisiana Code of Criminal Procedure Article 883 states that if a defendant is convicted of two or more crimes based on "the same act or transaction" or "constituting parts of a common scheme or plan," then the sentences shall be served concurrently unless the judge unambiguously states that they are to run consecutively. Other sentences "shall be served consecutively unless the court expressly directs that some or all of them be served concurrently." La.Code Crim.P. art. 883. Moreover, imposing consecutive sentences for crimes occurring on separate dates and under different circumstances is not an abuse of discretion. *State v. Patterson*, 11-892 (La.App. 3 Cir. 2/1/12), 83 So.3d 1209, *writ denied*, 12-526 (La. 6/1/12), 90 So.3d 435.

---

[3]Defendant was originally charged with illegal carrying of a weapon while in possession of a controlled or dangerous substance. That charge was amended in open court and Defendant pleaded guilty to the lesser charge of possession with intent to distribute marijuana.

The crimes at issue in this case were separate offenses that took place on different dates and at different locations; these offenses did not involve a "common scheme or plan."[4] Pursuant to Article 883, the sentences for these crimes were to be served consecutively, unless the trial court explicitly ordered them to be served concurrently. *See also State v. Granger*, 08-1479 (La.App. 3 Cir. 6/3/09), 11 So.3d 666. The trial judge did not abuse his discretion by directing Defendant to serve consecutive sentences.

IV.

## DISPOSITION

For the reasons above, we affirm Defendant's six-year sentence for possession with intent to distribute marijuana to run consecutively to the sentence for distribution of hydrocodone.

**AFFIRMED.**

---

[4]Even if Defendant could effectively argue that his crimes were part of a common scheme or plan, the trial judge still had wide discretion to order consecutive sentences. The trial court's explicit directions would satisfy the mandate of Article 883.