# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 12-372

STATE OF LOUISIANA

VERSUS

RICKY W. COLEMAN

**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 91915
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

Jesse Phillip Terrell, Jr.
1150 Expressway Drive – Suite 101
Pineville, LA 71360
Telephone: (318) 561-4340
COUNSEL FOR:
      Defendant/Appellant - Ricky W. Coleman

J. Reed Walters
District Attorney – 28th Judicial District Court
Steven P. Kendrick
Assistant District Attorney – 28th Judicial District Court
P. O. Box 1940
Jena, LA 71342
Telephone: (318) 992-8282
COUNSEL FOR:
      Plaintiff/Appellee - State of Louisiana

**THIBODEAUX, Chief Judge.**

After pleading guilty to distribution of hydrocodone, Defendant Ricky Coleman was sentenced to five years in prison. The trial court ordered the sentence to run consecutively to a six-year sentence Defendant received for pleading guilty to another drug-related charge. Defendant appeals the trial judge's decision ordering the sentences to run consecutively. For the following reasons, we affirm.

I.

## ISSUE

We will consider whether the trial court erred by imposing consecutive sentences on Defendant.

II.

## FACTS AND PROCEDURAL HISTORY

Defendant Ricky Coleman sold both hydrocodone and marijuana to an undercover female police officer. The sales took place on two different occasions and at different locations. Defendant pleaded guilty to the charge of distribution of hydrocodone in combination with a non-narcotic ingredient, a violation of La.R.S. 40:968(A)(1). During that same court appearance, Defendant also pleaded guilty to possession with intent to distribute marijuana. The two cases were not consolidated. The district court sentenced Defendant to five years at hard labor for the hydrocodone conviction and six years for the other conviction, possession with intent to distribute marijuana, with the sentences to run consecutively.

Defendant appeals both sentences under separate docket numbers. Although Defendant asserts that he is arguing his sentence is excessive, it appears that he actually acquiesces to the five years he received for distribution of hydrocodone.

The true thrust of Defendant's argument, rather, is that the trial judge should have imposed concurrent, instead of consecutive, sentences.

## III.

## LAW AND DISCUSSION

### Standard of Review

The trial court has wide discretion "in the imposition of [a] sentence within the statutory limits;" therefore, we will not set aside such a sentence absent a manifest abuse of discretion. *State v. Patterson*, 11-892, p.14 (La.App. 3 Cir. 2/1/12), 83 So.3d 1209, 1220, *writ denied*, 12-0526 (La. 6/1/12), 90 So.3d 435. The pertinent standard, therefore, is whether the trial court abused its broad discretionary powers, not whether a different sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043 (1996).

### Discussion

Defendant argues that the trial judge erred in ordering that his sentences be served consecutively rather than concurrently. We disagree. Louisiana Code of Criminal Procedure Article 883 states that if a defendant is convicted of two or more crimes based on "the same act or transaction" or "constituting parts of a common scheme or plan," then the sentences shall be served concurrently unless the judge unambiguously states that they are to run consecutively. Other sentences "shall be served consecutively unless the court expressly directs that some or all of them be served concurrently." La.Code Crim.P. art. 883. Moreover, imposing consecutive sentences for crimes occurring on separate dates and under different circumstances is not an abuse of discretion. *Patterson*, 83 So.3d 1209.

The crimes at issue in this case were separate offenses that took place on different dates and at different locations; these offenses did not involve a "common

2

scheme or plan."[1] Pursuant to Article 883, the sentences for these crimes were to be served consecutively, unless the trial court explicitly ordered them to be served concurrently. *See also State v. Granger*, 08-1479 (La.App. 3 Cir. 6/3/09), 11 So.3d 666. The trial judge did not abuse his discretion by directing Defendant to serve consecutive sentences.

## IV.

## <u>DISPOSITION</u>

For the reasons above, we affirm Defendant's five-year sentence for distribution of hydrocodone to run consecutively to the sentence for possession with intent to distribute marijuana.

**AFFIRMED.**

---

[1]Even if Defendant could effectively argue that his crimes were part of a common scheme or plan, the trial judge still had wide discretion in ordering consecutive sentences. The trial court's explicit directions would satisfy the mandate of Article 883.