NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-934

STATE OF LOUISIANA

VERSUS

DARRELL DONTRELL FORT

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 14832-10
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Elizabeth A. Pickett, Judges.

AFFIRMED.

**John Foster DeRosier**
**14th JDC District Attorney**
**Karen C. McLellan**
**14th JDC, ADA**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**Edward John Marquet**
**Louisiana Appellate Project**
**Post Office Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Darrell Dontrell Fort**

**Darrell Dontrell Fort**
**Richwood Correctional Center**
**180 Pine Bayou Circle**
**Richwood, LA 71202**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Darrell Dontrell Fort**

**SAUNDERS, Judge.**

The Defendant, Darrell Dontrell Fort, was charged by bill of information with possession of cocaine and obstruction of justice. On November 14, 2011, he entered a guilty plea to charge of possession of cocaine and was subsequently sentenced to serve five years in the Louisiana Department of Corrections. In conjunction with his plea, the State dismissed several pending charges and agreed not to file a habitual offender bill.

Originally in this matter, appellate counsel filed a brief and a motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). This court denied the motion to withdraw and ordered counsel to brief the issue of whether the voluntariness of Defendant's plea was affected by defense counsel's indication at sentencing that by entering the guilty plea they thought they were "cleaning the slate" and from the record it appears the obstruction of justice charge is still pending along with three other charges for distribution of cocaine.

## FACTS:

According to the statement of facts provided at the guilty plea proceeding, Defendant was found in possession of approximately one-tenth of a gram of cocaine on March 24, 2010.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENT OF ERROR:

Appellate counsel cites general principles of law regarding the voluntariness of guilty pleas and notes that defense counsel was obviously unaware of the existence of new charges at the time of the plea "as he would certainly have

determined their dismissal as well." Counsel notes that the only party aware of the existence of the new charges was Defendant, and he did not mention their existence. Appellate counsel concludes his argument by stating, "[u]nless this Court is prepared to conclude that trial counsel's failure to determine the existence of other criminal charges unknown to the State of Louisiana or the trial court and this failure is tantamount to ineffective assistance of counsel, it appears that the plea was freely and voluntarily given and is therefore valid."

The State responds in brief that Defendant was aware of the charges to be dismissed as they were indicated on the plea form. The State notes the prosecutor also chose to dismiss additional pending misdemeanor charges. The State contends the new drug charges mentioned at the sentencing proceeding were not part of the plea bargain. Since there was no statement by Defendant or his attorney that they thought the plea bargain covered these charges and no mention of a desire to withdraw the guilty plea, the State contends the plea was knowingly and voluntarily given. Since appellate counsel does not appear to contend that trial counsel was ineffective and does not challenge the validity of the plea, this assignment of error presents nothing for review.

## PRO SE ASSIGNMENTS OF ERROR NOS. 1 & 2:

Defendant contends his sentence is unconstitutionally excessive and that the trial court failed to state for the record the factual basis for imposing consecutive sentences. Defendant's five-year sentence for possession of cocaine was imposed to run consecutively to the four-year sentence imposed the same day for a violation of his probation stemming from a 2009 simple burglary conviction. In a separate section of the brief, Defendant ties the consecutive nature of the sentences to his excessive sentence claim.

Defendant was sentenced on February 29, 2012, and he subsequently filed a written pro se motion to reconsider sentence contending his sentence was "very high." He asked the court for a second chance to afford him an opportunity to "do the right thing." He noted that he wanted to help and support his mother who was undergoing dialysis and that he did not want his son to think "being incarcerated is the right thing to do." The motion was denied by the trial court on April 17, 2012.

Defendant's claim that the trial court failed to state for the record the factual basis for imposing consecutive sentences was not set forth in the motion to reconsider sentence. Despite La.Code Crim.P. art. 881.1(E), this court has chosen to review sentencing claims, when no motion to reconsider was filed or no ground specified in the motion, as a bare claim of excessiveness. *See State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, __ U.S. __, 131 S.Ct. 932 (2011); *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127; *State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, *writ denied*, 09-1955 (La. 6/25/10), 38 So.3d 352; *State v. H.J.L.*, 08-823 (La.App. 3 Cir. 12/10/08), 999 So.2d 338, *writ denied*, 09-606 (La. 12/18/09), 23 So.3d 936; *State v. Quinn*, 09-1382 (La.App. 3 Cir. 5/12/10), 38 So.3d 1102, *writ denied*, 10-1355 (La. 1/7/11), 52 So.3d 885. Based on this precedent, we will review Defendant's argument as a bare claim of excessiveness.

This court discussed the standard of review applicable to claims of excessiveness in *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59, as follows:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest

abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

The fifth circuit, in [*State v.*] *Lisotta*, 726 So.2d [57] at 58 [(La.App.1998) ], stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

1. The nature of the crime,

2. The nature and background of the offender, and

3. The sentence imposed for similar crimes by the same court and other courts.

Even when a sentence falls within the statutory sentencing range, it still may be unconstitutionally excessive. In determining whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has suggested that several factors may be considered:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Defendant was sentenced to the maximum sentence of five years at hard labor. Although La.R.S. 40:967 allows for a fine of not more than $5,000.00, a fine was not imposed. In conjunction with Defendant's guilty plea, the following charges were dismissed: 25527-09 (possession of cocaine), 33373-10

4

(unauthorized use of an access card over $500), 02988-11 (misrepresentation during booking, resisting by false information, speeding, and driving or allowing others unlicensed to speed), and DA-091473 (possession of marijuana and resisting pending in city court). Additionally, the State agreed not to file a habitual offender bill.

At the guilty plea proceeding, Defendant indicated to the court that the instant offense was his third felony conviction. It is clear he had been placed on probation for a previous simple burglary conviction, and his probation was violated by the commission of the instant offense. Additionally, at the close of the guilty plea proceeding, the court, noting that Defendant needed education and training, sent him to the Academy of Training Skills. At first, the court was leaning toward deferring sentencing for two years, but defense counsel suggested they hold a status hearing in a year and if Defendant had "screw[ed] it up," he could be sentenced at that point. Approximately three months after the plea proceeding, Defendant was brought in for sentencing because things had not worked out at the Academy of Training Skills.

In *State v. Williams*, 07-490 (La.App. 3 Cir. 10/31/07), 969 So.2d 744, this court found the imposition of the maximum sentence was not excessive where it was the defendant's third drug conviction, he received a benefit from the reduction of his original charge of possession with intent to distribute cocaine, and the state agreed not to file a habitual offender bill. Likewise, in *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127, this court upheld the maximum five-year sentence for a third felony drug offender who benefitted from the state's reduction of the original charge of possession with intent to distribute and who had a history of parole and probation revocation.

Therefore, we find that, under the facts of this case, imposition of the maximum five-year sentence was not an abuse of the trial court's discretion. Defendant has prior felony convictions, and he was unsuccessful in completing a prior term of probation. Additionally, he benefitted substantially from the dismissal of numerous charges and the State's choice not to file a habitual offender bill as part of his plea agreement. Accordingly, this claim has no merit.

CONSECUTIVE SENTENCES:

As noted above, the court ran Defendant's five-year sentence for possession of cocaine consecutively to his four-year probation violation sentence. Defendant ties his excessiveness argument to the consecutive nature of his sentences.

Louisiana Code of Criminal Procedure Article 883 provides in pertinent part:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.

Clearly, the offenses at issue were based on two distinct acts, one resulting in a 2009 simple burglary conviction, the other, the instant offense, committed in March of 2010. As such, we find no merit to Defendant's contentions.

Further, La.Code Crim.P. art. 901 requires a sentence resulting from a probation revocation to run consecutively to the sentence imposed for the new conviction unless the court originally imposing the probation specifically orders that the sentences are to be served concurrently.

Accordingly, we find that the trial court did not abuse its discretion in ordering the sentence for the instant offense to run consecutively to the sentence imposed as a result of the probation violation. *See State v. Coleman*, 12-373

6

(La.App. 3 Cir. 11/7/12), 101 So.3d 580, *writ denied*, 12-2649 (La. 5/17/13), 117 So.3d 510.

**DECREE:**

Defendant's conviction and sentence are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal, Rule 2-16.3.