# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

# 18-690


**STATE OF LOUISIANA**

**VERSUS**

**ERIC JOSEPH BREAUX**


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 11442-15
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, Phyllis M. Keaty, and John E. Conery, Judges.


**AFFIRMED.**

**John F. DeRosier**
**District Attorney**
**Fourteenth Judicial District Court**
**Karen C. McLellan**
**Elizabeth B. Hollins**
**Assistant District Attorneys**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
  **State of Louisiana**

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **Eric Joseph Breaux**

**SAUNDERS, Judge.**

Defendant, Eric Joseph Breaux, was charged by indictment on April 23, 2015, with one count of possession with intent to distribute marijuana, a violation of La.R.S. 40:966(A)(1); one count of illegal carrying of a weapon while in the possession of drugs, a violation of La.R.S. 14:95(E); and one count of cultivation of marijuana, a violation of La.R.S. 40:966(A)(1). On May 29, 2015, Defendant entered a plea of not guilty to all the charges. On March 29, 2016, the State amended the indictment to charge one count of attempted possession with intent to distribute marijuana, a violation of La.R.S. 40:979 and La.R.S. 40:966(A)(1); and one count of attempted cultivation of marijuana, a violation of La.R.S. 40:979 and La.R.S. 40:989.1. Defendant withdrew his plea of not guilty and entered a plea of guilty to the amended charges. Sentencing was deferred under La.Code Crim.P. art. 893, and Defendant was placed on supervised probation for five years.

On April 17, 2017, a probation violation hearing was held where Defendant admitted to violating his probation; however, the trial court refused to accept Defendant's admission without a formal hearing. A formal probation violation hearing was held on November 29, 2017, where the trial court found that Defendant admitted to inappropriately touching a minor child, in violation of the terms and conditions of his probation. Defendant's probation was revoked, and the trial court set a sentencing hearing for December 1, 2017. At that sentencing hearing, Defendant was sentenced to serve eight years with the department of corrections for attempted possession of marijuana with intent to distribute and four years with the department of corrections for attempted cultivation of marijuana, to run concurrently.

Defendant filed a motion to reconsider sentence on January 5, 2018, which was denied by the trial court on January 4, 2018. On February 2, 2018, Defendant filed, and the trial court granted, a Motion for Appeal of Sentences.

**FACTS:**

On March 3, 2014, Combined Anti-Drug Task Force detectives were alerted to illegal drug activity at 6670 Lloyd Arabie Road, Lake Charles. The detectives made contact with Defendant and informed him of the complaint, and, during this contact, detectives smelled marijuana. Defendant then consented to a search of the residence, and detectives found five marijuana plants, 67.93 grams of marijuana, an assault rifle, a grinder with marijuana residue, and other paraphernalia.

Defendant admitted he possessed the 67.93 grams of marijuana, possessed the assault rifle found during the search, possessed the paraphernalia found in the search, sold some marijuana about a week prior, and told the detectives that he had been growing the marijuana plants for about three months.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

**ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:**

Defendant briefed his first two assignments of error together, stating that they are interrelated, so we will discuss them together.

In Defendant's first assignment of error, he alleges that the trial court abused its discretion when it sentenced him, an intellectually disabled forty-one-year-old first-time offender, to serve eight and four-year sentences for attempting to possess marijuana with intent to distribute and attempting to cultivate five marijuana plants. In his second assignment of error, Defendant argued that the trial court failed to

comply with the requirements set forth in La.Code Crim.P. art. 894.1 because the factors in sentencing did not justify the sentences that were imposed and did not support the disparate treatment between Defendant and his co-defendant. We find no merit to the first assignment of error and that the second assignment of error was waived.

Defendant asserts that he accepted responsibility by pleading guilty to attempted cultivation of marijuana and attempted possession with intent to distribute marijuana. However, according to Defendant, the sentences imposed were excessive and were cruel and unusual because of his intellectual disability.

Louisiana courts have laid out the following guidelines with regard to constitutionally excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
>> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and

3

background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Defendant pled guilty to La.R.S. 40:966(A)(1), La.R.S. 40:989.1, and La.R.S. 40:979. The pertinent penalty provision of La.R.S. 40:966(B)(3) in 2014 stated:

> A substance classified in Schedule I which is marijuana, tetrahydrocannabinols, or chemical derivatives of tetrahydrocannabinols, or synthetic cannabinoids shall upon conviction be sentenced to a term of imprisonment at hard labor for not less than five nor more than thirty years, and pay a fine of not more than fifty thousand dollars.

Additionally, La.R.S. 40:989.1(A)(2) states, "Whoever violates the provisions of this Subsection shall be sentenced to a term of imprisonment with or without hard labor for not less than two years nor more than ten years and may, in addition, be sentenced to pay a fine of not more than twenty thousand dollars."

Defendant's guilty plea to La.R.S. 40:979 reduced the sentencing range of those statutes as follows:

> A. Except as otherwise provided herein, any person who attempts or conspires to commit any offense denounced and/or made unlawful by the provisions of this Part shall, upon conviction, be fined or imprisoned in the same manner as for the offense planned or attempted, but such fine or imprisonment shall not exceed one-half of the longest

4

term of imprisonment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Thus, the sentencing range for attempted possession of marijuana with intent to distribute was zero to fifteen years, and the sentencing range for attempted cultivation of marijuana was zero to five years. At the December 1, 2017 sentencing hearing following the probation violation hearing, Defendant was sentenced to eight years with the department of corrections for attempted possession of marijuana with intent to distribute and four years with the department of corrections for attempted cultivation of marijuana, to run concurrently. The trial court gave no reasons for the sentences that were imposed.

Defendant stated in his motion to reconsider that although he and his co-defendant were charged as a result of the same offenses, he received a much harsher sentence than his co-defendant, who was not intellectually disabled or illiterate. The co-defendant was charged with misdemeanors and was only convicted of possession of drug paraphernalia resulting in a disparity that shows that Defendant's sentences were excessive.

As noted by the State, although Defendant faced jail time, he was initially given the benefit of probation pursuant to La.Code Crim.P. art. 893 rather than serving jail time for his convictions. The State points out that had he completed probation successfully, he would have been eligible for an expungement of his record. La.Code Crim.P. art. 893(E); La.Code Crim.P. art. 978. The record indicates that Defendant had no prior record, with this being his first time offending. At the guilty plea hearing, Defendant told the court that he could not read and write and received supplemental security income (SSI) because he could not read. Despite these circumstances, Defendant told the detectives that he had sold marijuana a week prior to the arrest for the matter at hand, while his co-defendant did not, which

5

resulted in felony charges for Defendant while the co-defendant was charged with misdemeanors.

Further, the sentence for attempted possession of marijuana with intent to distribute is in line with other sentences for the same crime. In *State v. Brown*, 02-1382 (La.App. 3 Cir. 4/2/03), 842 So.2d 1181, *writ denied*, 03-1224 (La. 11/7/03), 857 So.2d 491, this court determined that a five-year sentence at hard labor for attempted possession with intent to distribute marijuana was not excessive. In that case, the defendant, a paraplegic first-offender, benefited from a plea bargain, and the State amended the charge from the original charge of possession with intent to distribute marijuana, and the defendant's sentence exposure decreased from a potential thirty years at hard labor to fifteen years at hard labor. Here, Defendant also benefited from a plea deal where he was originally charged with possession with intent to distribute marijuana, but the charge was subsequently amended to attempted possession with intent to distribute marijuana.

In *State v. Allen*, 28,988 (La.App. 2 Cir. 10/30/96), 682 So.2d 864, the second circuit held that a five-year sentence for attempted possession of marijuana with intent to distribute was not constitutionally excessive where the defendant, a first-time felony offender, obtained a substantial benefit from her plea bargain, the sentence was one third of the maximum range, and she was not sentenced to pay a fine.

There is no case law discussing the excessiveness of a sentence under La.R.S. 40:989.1; however, in *State v. Insley*, 04-1006 (La.App. 3 Cir. 2/2/05), 893 So.2d 209, this court determined that four years for attempted cultivation of marijuana under La.R.S. 40:966 was not excessive where the defendant benefited from a plea deal where the original charge of cultivation of marijuana was amended to attempted cultivation of marijuana, thus, significantly minimizing the defendant's sentence

6

exposure. The maximum sentence under La.R.S. 40:966 for attempted cultivation of marijuana was fifteen years, and the maximum Defendant here faced under La.R.S. 40:989.1 was five years, but Defendant's four-year sentence for this charge was to run concurrently with the eight-year sentence for his conviction of attempted possession of marijuana with intent to distribute. Furthermore, his sentence exposure was reduced by his plea. Therefore, we find that the trial court did not abuse its discretion when sentencing Defendant.

In his motion to reconsider, Defendant failed to raise the claim he presents in his second assignment of error that the trial court failed to comply with the requirements of La.Code Crim.P. art. 894.1. Louisiana Code of Criminal Procedure Article 881.1 sets forth this requirement as follows:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Since Defendant did not raise this claim in his motion to reconsider, this claim is precluded from review.

## ASSIGNMENT OF ERROR NUMBER THREE:

Defendant argues in his third assignment of error that although the sentence of eight years for attempted possession with intent to distribute marijuana is not illegal since the maximum sentence at the time of the crime was fifteen years, a reduction in his sentence is warranted because the maximum at the time of sentencing was five years. Defendant cited the supreme court's decision in *State v.*

*Clark*, 391 So.2d 1174 (La.1980), that an ameliorative change in the penalty provision was a factor that the trial judge could consider during sentencing.

The State argues that Defendant's claim that he is entitled to the ameliorative effects of the legislature's amendment to La.R.S. 40:966 for possession of marijuana with intent to distribute is precluded from review because Defendant failed to raise this issue in his motion to reconsider sentence, as required by La.Code Crim.P. art. 881.1(E).

Defendant's failure to raise this claim in his motion to reconsider precludes it from review by this court as required under La.Code Crim.P. art. 881.1(E).

**DECREE:**

Defendant's convictions and sentences are affirmed.