STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

19-097 consolidated with 19-360

STATE OF LOUISIANA

VERSUS

KENNETH SETH THOMAS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 336,230
HONORABLE HARRY FRED RANDOW, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JONATHAN W. PERRY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and Jonathan W. Perry,
Judges.

**AFFIRMED.**

**George Lewis Higgins, III**
**2002 Hartsfield Avenue**
**Post Office Box 7730**
**Pineville, Louisiana  71360**
**(318) 473-4250**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **Kenneth Seth Thomas**


**J. Phillip Terrell, Jr.**
**District Attorney, Ninth Judicial District**
**Catherine L. Davidson**
**Assistant District Attorney**
**Post Office Box 7538**
**Alexandria, Louisiana  71306-7358**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
  **State of Louisiana**

**PERRY, Judge.**

Kenneth Seth Thomas ("Defendant") appeals his sentence of three years in the parish jail subject to work release for the crime of abuse of office, a violation of La.R.S. 14:134.3.[1] For the following reasons, we affirm Defendant's sentence.

## FACTS AND PROCEDURE

Defendant, a member of the Alexandria City Police Narcotics Division, was arrested and charged in a bill of information with distribution of marijuana and abuse of office. The charges filed by the State alleged that Defendant received "sexual contact or intercourse" by using the authority of his position as a duly commissioned police officer. Defendant pled guilty to the charge of abuse of office and the drug charge was dismissed in conjunction with the plea.

On November 26, 2018, the trial court sentenced Defendant to serve three years in the custody of the Louisiana Department of Corrections without hard labor. The sentencing colloquy is quoted below:

> Mr. Thomas, . . . the . . . offense of abuse of office for which you have entered a plea of guilty is viewed by this Court as both a serious and troubling offense. And let me explain to you . . . why I say that and I view it . . . in that regard. At the time of the illegal activities which formed the basis of . . . the activities of which you . . . entered the plea of guilty to these amended charges, you engaged in those activities as a member of the Alexandria Police Department. It is the view of this Court that your conduct . . . formed a very serious breach of your oath, a solemn oath . . . that you took at the time . . . that you were sworn in as an Alexandria police officer. It is also a breach of trust, trust that is held by the community that you serve and, and people that come to this community and would have any interactions with a police officer, and

---

[1] Louisiana Revised Statutes 14:134.3 provides, in pertinent part:

> A. No public officer or public employee shall knowingly and intentionally use the authority of his office or position, directly or indirectly, to compel or coerce any person to provide the public officer, public employee or any other person with anything of apparent present or prospective value when the public officer or employee is not entitled by the nature of his office to the services sought or the object of his demand.

> B. (1) Whoever violates the provisions of this Section shall be fined up to five thousand dollars, or be imprisoned with or without hard labor for not less than one year nor more than five years.

it is also a trust that is held by your fellow police officers. The oath and trust that is represented by the badge and the uniform that you wore convey to all, your fellow officers, and this community integrity, respect for the rights of all, and you made the choice and the decision to trade . . . your oath and trust to satisfy not only your sexual desires but also I believe, . . . in furtherance of your view of power and control.

. . . [T]hese serious illegal acts occurred while you were in uniform, while you had a weapon on you, while . . . you were on duty. I think it's apparent to you that this Court . . . is of the opinion that a police officer holds a high duty and a responsibility . . . to the people of the community that he serves and also to his fellow law enforcement . . . officers. To one that much is given, much is expected. And so, your breach of conduct as a police officer, in my view, has to be held to a higher standard.

Mr. Thomas, . . . I have considered . . . the provisions under Code of Criminal Procedure Article 894.1 as to aggravating and mitigating circumstances. I considered the . . . case . . . report . . . prepared by the Louisiana State Police in furtherance of their criminal investigation . . . of . . . the activities, the illegal activities . . . committed by you, and I have . . . received and read each of the letters . . . that have been written by family and friends to this Court . . . in your behalf.

Mr. Thomas, one of the most challenging difficult things that a judge is called to do is to sentence someone. Regardless of what the nature of the offense, serious or minor, part of the responsibility of the Court is determining what's fair, what's just, what serves . . . the community and . . . does right by that. [Y]our case is no different. I, I want to tell you that . . . several of the letters . . . I reread, . . . because this, the . . . Kenneth Seth Thomas that they spoke about in their letters I couldn't find in the case . . . report by the State Police. I didn't see someone that they represented to the Court as being this moral, upstanding, . . . individual. I couldn't find him in there.

Under Article 894.1, aggravating circumstances that I found: one, at all times during the commission of the underlying criminal offenses forming the amended charge, . . . which you entered a plea of guilty, . . . you acted . . . as a law enforcement officer in his official capacity. You breached your oath as a law enforcement officer by engaging in illegal and corrupt practices while on duty and in the uniform. Your engagement in illegal and, and corrupt practices resulting the plea of guilty diminishes and undermines the reputation, the integrity and the credibility of law enforcement in this community. I truly believe that there is a real risk of that happening . . . as a result of . . . your . . . behavior. Of your possessing illegal drugs with the intent to distribute - - your interference with a narcotic investigation in which you instructed another narcotic officer not to . . . inspect and inventory the victim's automobile, . . . during a narcotics . . . interdiction at one of the local motels. Your destruction of a public document, . . . being . . . the tearing up of a traffic citation to

2

demonstrate to the victim that you had power and control. Your coercion and intimidation of this female victim for the purpose of obtaining sex on more than one occasion. That you knew or should have known that the victim that you coerced and intimidated for sex was particularly vulnerable due to her illegal activities. The only mitigating factor that I could identify is the fact that you don't have a prior criminal history.

Defendant filed a Motion to Confirm Oral Appeal and Designation of Record on December 21, 2018, which was granted by the trial court on January 7, 2019.

On December 21, 2018, Defendant also filed a motion to reconsider sentence alleging (1) the sentence the trial court imposed was illegal in that a sentence in the custody of the Louisiana Department of Corrections cannot be without hard labor and (2) the sentence imposed was excessive. After a hearing on February 19, 2019, the trial court granted the motion and resentenced Defendant to three years in the parish jail subject to work release. Defendant filed a Motion to Confirm Oral Appeal and Designation of Record which was granted by the trial court on March 6, 2019.[2]

Defendant's appeal presents two assignments of error. He contends the trial court erred in imposing an excessive sentence and in failing to provide a sufficient basis and record for appellate review of the sentence for excessiveness.

## DISCUSSION

Defendant's assignments of error are interrelated. Therefore, we will address them together.

Defendant first contends his three-year sentence is excessive due to his lack of criminal history. He notes that the court did not order a presentence investigation (PSI); rather, it based his sentence on allegations contained in a police report as well as a drug charge which the State dismissed. Defendant also claims the trial court failed to provide adequate reasons for sentencing in violation of La.Code Crim.P.

---

[2] By order of this court dated June 12, 2019, Defendant's two appeals were consolidated.

3

art. 894.1. Finally, Defendant notes the trial court did not impose a probated sentence as desired by Defendant.

In response, the State contends the three-year sentence is squarely within the one- to five-year sentencing range and is not excessive. The State further contends that a probated sentence would be illegal, and although a mandatory minimum sentence may be waived pursuant to La.Code Crim.P. art. 890.1, the record is devoid of any indication that such an agreement was entered in this case. We believe resolution of this legality issue is unnecessary as the issue before this court is simply whether the three-year sentence imposed by the trial court is excessive.

We note Defendant did not raise his claims that the trial court failed to comply with La.Code Crim.P. art. 894.1 and to order a PSI in his motion to reconsider sentence filed after his original sentencing nor in his motion to reconsider filed after his February 19, 2019 resentencing. Therefore, we find these claims are precluded from review. Louisiana Code of Criminal Procedure Article 881.1 states in pertinent part:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Thus, as previously stated, Defendant's claims concerning non-compliance with La.Code Crim.P. art. 894.1 and the failure to order a PSI are precluded from review. He is entitled to a review of his sentence for constitutional excessiveness only. *See State v. Breaux*, 18-690 (La.App. 3 Cir. 3/7/19), 269 So.3d 938, and *State v. Scott*,

50,920 (La.App. 2 Cir. 11/16/16), 209 So.3d 248, *writ denied*, 17-353 (La. 11/13/17), 229 So.3d 478. In addition, Defendant's claims are without merit as the trial court is not *required* to order a PSI and Defendant did not object to the absence of a PSI at sentencing. La.Code Crim.P. art. 875; *State v. Houston*, 50,126, 50,127 (La.App. 2 Cir. 11/18/15), 181 So.3d 188. Furthermore, a review of the record indicates the trial court provided adequate reasons prior to imposing sentence.

No additional reasons were provided by the court at the hearing on February 19, 2019, on Defendant's motion to reconsider sentence at which a new, more lenient sentence was imposed. Thus, we find Defendant's claim regarding noncompliance with La.Code Crim.P. art. 894.1 has no merit.

As for Defendant's claim that his three-year parish prison sentence subject to work release is excessive, we find this claim also has no merit. As articulated by this court in *Breaux*, 269 So.3d at 940-41:

> Louisiana courts have laid out the following guidelines with regard to constitutionally excessive sentence review:
>
> > Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
> >
> > > La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside

as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00), 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Violations of La.R.S. 14:134.3 carry a fine of up to five thousand dollars or imprisonment with or without hard labor for not less than one year nor more than five years. Defendant faced a maximum term of imprisonment of five years at hard labor. He received a three-year sentence in parish jail subject to work release. As noted by the trial court at the original sentencing proceeding, on more than one

6

occasion Defendant used his position of authority to take advantage of a person in a vulnerable situation. The State Police Criminal Investigation report introduced at sentencing indicates that agents suspected Defendant also committed the offenses of injuring public records, possession with intent to distribute a Schedule I drug (marijuana), possession with intent to distribute a Schedule II drug (Adderall), and possession with intent to distribute a Schedule IV drug (Alprazolam), although crime lab reports were still pending at the time of the report. Defendant's charge of distribution of marijuana was dismissed in conjunction with the entry of his guilty plea.

We echo the sentiments expressed by the trial court at Defendant's original sentencing hearing. Defendant's conduct violated the position of trust which he occupied as an officer responsible for enforcing the law and protecting society. Such violations can seriously damage the relationship between the police force and the community it is sworn to protect. Defendant's sentence is a just consequence of his breach of this trust. Thus, we find three years without hard labor subject to work release is not an excessive sentence under the circumstances of this case. Defendant's sentence is affirmed.

**AFFIRMED.**